Morgan Chu (Bar No. 70446)
Christopher Vanderlaan (Bar No. 155628)
Benjamin Hattenbach (Bar No. 186455)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4271
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Plaintiff
ZONE LABS, INC.

Michael V. Ciresi (pro hac vice)
Thomas L. Hamlin (pro hac vice)
Richard M. Martinez (pro hac vice)
ROBINS, KAPLAN, MILLER, CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 345-0612

Attorneys for Defendant
SYGATE TECHNOLOGIES, INC.

E-Filing

FILED

AUG 2 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZONE LABS, INC., | Case No. C 01-4231 VRW |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AND INJUNCTION ON CONSENT |
| v. | |
| SYGATE TECHNOLOGIES, INC., | |
| Defendant. | |

This civil action having come before the Court on the joint application of plaintiff Zone Labs, Inc. ("Zone Labs"), and defendant Sygate Technologies, Inc. ("Sygate"), and the Court being advised that the parties have compromised their differences and have agreed to the termination of this civil action in

Case No. C-01-4231 VRW
Final Judgment and Injunction on Consent     1
1321019

accordance with the terms of a new settlement agreement executed June 30, 2005 ("Settlement Agreement" - a copy of which is attached as Exhibit 1 hereto, filed under seal), the following stipulated findings and conclusions, and the entry of this Final Judgment;

NOW, THEREFORE, upon the consent of the parties hereto, it is hereby ORDERED AND DECREED that:

1. This Court has jurisdiction over the parties and plaintiff's claim of patent infringement under the patent laws of the United States, namely, the United States Patent Act, 35 U.S.C. § 101 et seq., pursuant to 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338(a); and venue of this action is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

2. The Final Judgment and Injunction on Consent entered July 17, 2002 is hereby vacated.

3. It is conclusively determined between the parties that all claims of U.S. Patent No. 5,987,611 ("the '611 patent") are valid and enforceable. Except as expressly permitted under Article 11 of the Settlement Agreement, Sygate will not challenge, nor assist in challenging, the validity or enforceability of the '611 patent in any judicial or administrative proceeding, including any proceeding before the U.S. Patent and Trademark Office, except as required by law pursuant to a valid subpoena or court order.

4. Sygate, and its officers, agents, servants, employees, representatives, and assigns, and any and all persons who are in active concert or participation or otherwise in privity with Sygate, are hereby permanently enjoined and restrained from:

    A. Making, using, selling, offering to sell, or importing computer software that infringes the '611 patent, or contributing to infringement of the '611 patent, in the absence of a license under the '611 patent that covers such activity;

    B. Making, using, selling, or offering to sell Sygate's "Sygate Secure Enterprise" ("SSE") computer software, except any portion of the SSE computer software if sold by itself as a standalone product not designed to be combined with any other computer software, including any central management component, in such a way as to infringe the '611 patent, or contribute to infringement of the '611 patent, in the absence of a license under the '611 patent; and/or

    C. Selling or otherwise transferring ownership of the SSE computer software source code to a third party without complying with Paragraph 6.2 of the Settlement Agreement.

    D. The injunction set forth in paragraphs 3(A) and (B) above shall terminate automatically in the event that all of claims 1-9, 11-18, 21-24, and 26-30 of the '611 patent are found invalid or unenforceable after a final judgment, after all avenues for appeal have been exhausted, in an action by a third party and without any assistance from Sygate (other than that required by law pursuant to a valid subpoena or court order).

5. Zone Labs' pending motions for material breach, contempt and damages are hereby dismissed with prejudice.

6. Except as expressly stated in the Settlement Agreement, each of the parties hereto shall bear its own costs and attorneys' fees incurred in this action.

7. This Final Judgment and Injunction on Consent shall be binding upon the parties, their heirs, successors, and assigns.

8. Jurisdiction is retained by this Court for the purpose of enabling the parties to apply to this Court at any time for such further orders or direction as may be necessary for the interpretation or implementation hereof, compliance herewith, or the punishment of violations hereof, or for enforcement of the parties' Settlement Agreement.

**IT IS SO ORDERED.**

Dated this 2 day of August, 2005.

_____
Hon. Vaughn R. Walker
United States District Judge

Presented by:

IRELL & MANELLA LLP
Morgan Chu
Christopher Vanderlaan
Benjamin Hattenbach


By: s/ Christopher Vanderlaan
Christopher Vanderlaan (Bar No. 155628)
Attorneys for Plaintiff
Zone Labs, Inc.

1  
2  ROBINS, KAPLAN, MILLER & CERISI LLP  
3  Michael V. Ciresi  
   Thomas L. Hamlin  
   Richard M. Martinez  
4  
5  
6  By: _____s/ Thomas Hamlin_____  
   Thomas L. Hamlin (pro hac vice)  
7  Attorneys for Defendant  
   Sygate Technologies, Inc.  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28